THE STATE OF NEVADA, RENO POLICE DEPARTMENT AND ROBERT BRADSHAW, Appellants, *v.* WASHOE COUNTY PUBLIC DEFENDER, Respondent.

No. 19090

June 1, 1989 775 P.2d 217

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, *Larry Sage,* Deputy District Attorney, Washoe County, for Appellants.

*David Parraguirre,* Public Defender, *Jane McKenna,* Deputy Public Defender, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

The State of Nevada, Reno Police Department and Robert Bradshaw (State) appeal from the trial court's order granting respondent Washoe County Public Defender's petition for a writ of mandamus. The trial judge issued a writ of mandamus ordering the Reno Police Department to comply with NRS 260.050(1). Pursuant to the trial judge's interpretation of the statute, the police department is required to allow a court services officer to interview a detainee during judicial hours. If the indicia of indigency is present, then the police department must further allow a representative of the public defender's office to interview the indigent detainee prior to court appointment of the public defender as counsel for the individual. The State appeals the trial judge's order on the basis of mootness and asserts that the trial judge has improperly interpreted and applied the statute. Because the State's arguments on appeal are without merit, we affirm the trial judge's order.

The trial judge properly ruled that the public defender's petition for the writ was not moot because the type of activity complained of was that which is "capable of repetition, yet evading review." The trial judge's rationale is well received. This case presents a prime example of the type of situation which is capable of repetition yet evades review because under normal circumstances the time that elapses between a suspect's arrest and his appearance before a magistrate, at which time the public

defender is officially appointed, does not exceed seventy-two hours. *See* NRS 171.178(3). At issue is the public defender's right to have access to detainees during this very abbreviated time period. The question of whether NRS 260.050(1) guarantees such access evades review because the indigent's initial appearance is likely to occur before the denial of access by the public defender can be challenged. Additionally, the situation complained of repeated itself on prior occasions and was likely to continue until the court issued the writ.

The "capable of repetition, yet evading review" doctrine has previously been looked upon with favor by this court (*see* Cirac v. Lander, 95 Nev. 723, 734, 602 P.2d 1012, 1019 (1979)), though, until now, it has not yet been explicitly recognized (*see* NCAA v. University of Nevada, 97 Nev. 58, 60, 624 P.2d 11, 12 (1981)). The usefulness of this doctrine is clearly evidenced in situations such as the one presented by this case where, in the absence of such a rule, an important question of law could never be decided because of the nature of its timing. We hold that the trial judge properly relied upon the "capable of repetition, yet evading review" doctrine in ruling that the public defender's petition for a writ of mandamus was justiciable.

The State next asserts that the trial judge misinterpreted the intent of NRS 260.050(1). That statute provides in full that "[t]he public defender may, before being designated as counsel for that person pursuant to NRS 171.188,[1] interview an indigent person when he has been arrested and confined for a public offense or for questioning on suspicion of having committed a public offense." The intent of this statute is clear on its face. The trial judge properly interpreted NRS 260.050(1) to require that the public defender be allowed to interview an indigent detainee prior to being designated as counsel for that person. Because the intent of the statute is clear on its face, this court may not go beyond the words of the statute to determine the legislature's intent. Thompson v. District Court, 100 Nev. 352, 354, 683 P.2d 17, 19 (1984).

Despite the State's urging, there is no persuasive reason for this court to hold that the word "interview," as used in the statute, was intended to be limited to a discussion of the detainee's status as an indigent. The plain words of the statute belie the State's interpretation since the statute permits the public defender to "interview an indigent person," implying that the status of indigency has already been determined. Likewise, we are not

---

[1] NRS 171.188 outlines the procedure for appointing an attorney for an indigent defendant.

inclined to agree with the State's assertion that the sixth amendment right to counsel should influence the interpretation of this statute. NRS 260.050(1) conveys discretion upon the public defender to interview detainees; it is wholly unrelated to the right held by a defendant under the sixth amendment to receive counsel.

Finally, we find no merit in the State's argument that the trial judge's writ is erroneous because it requires the police department to allow court services officers to make determinations of indigency prior to the public defender's interview. The State asserts that this requirement is improper because it "treats indigent persons in Reno Township different [sic] than indigent persons where there are no court services officers." The State's point is unpersuasive. Reno happens to employ court services officers to make the indigency investigation. Since NRS 260.050(1) allows the public defender access to *indigent* detainees, in order to comply with the spirit of the statute, the detainee's status as a probable indigent must be determined prior to the public defender's interview. The trial judge's writ, requiring that court services officers be allowed to interview a detainee during judicial hours is, in light of Washoe County's established system of investigating indigency, the first step toward assuring compliance with NRS 260.050(1). Contrary to the State's assertion, the writ facilitates the equal treatment of detainees at the Reno Police Department with detainees in other jurisdictions by assuring that the opportunity to make a determination of probable indigent status is afforded in a timely manner. This is an integral component of facilitating compliance with NRS 260.050(1) since, pursuant to that statute, only after this determination is made may the public defender interview a detainee.

We are satisfied that the public defender's petition was justiciable, that the trial judge's interpretation of NRS 260.050(1) was proper, and further, that the writ of mandamus which he issued was appropriate. We, therefore, affirm the order of the trial court.