*1386 OPINION

Per Curiam:

A jury convicted John Joseph Walsh (“Walsh”) of embezzlement pursuant to NRS 205.300. Walsh drove a truck belonging to one of his customers off the premises of his automobile repair shop and subsequently got into an accident which completely destroyed the truck. Because we conclude that the state did not present sufficient evidence of Walsh’s intent to steal, which is required when bailees allegedly convert money, property or goods for their own use, we reverse the embezzlement conviction.
Walsh entered into an oral contract with Bill J. King (“King”) to repair some body damage to King’s truck. King delivered his truck to Walsh and asked that it be repaired by the following day. After beginning work on the truck, Walsh drove it off the premises to go to a nearby gas station. On his return from the gas station, Walsh had an accident. As a result, King’s truck was destroyed.
Walsh was subsequently charged with and tried for embezzlement pursuant to NRS 205.300. Following the state’s presentation of its case, the defense moved to take the issue of embezzlement away from the jury. At that time, the defense conceded that the evidence may have been sufficient to support the lesser related offense of “Unlawful Taking of Vehicle” pursuant to NRS 205.2715. The defense made a similar motion at the end of its presentation. The court denied both motions.
*1387 The district court determined that the embezzlement statute has two separate prongs under which a defendant can be convicted. First, a bailee can be convicted of embezzlement for the theft of property. Second, a fiduciary can be convicted of embezzlement for the diversion of entrusted property from its intended use. The district court noted that there was no evidence which could support a finding that Walsh intended to steal the vehicle. Therefore, he could not be convicted under the first (“bailee”) prong. Nevertheless, the district court found that the case should go to the jury under the second (“fiduciary”) prong.
The jury entered a verdict of guilty on the charge of embezzlement and apparently convicted Walsh under the fiduciary prong of the embezzlement statute. Walsh appeals from the judgment of conviction.
On appeal, Walsh claims that (1) the embezzlement statute requires proof of intent to steal or a relationship of trust and confidence between the accused and alleged victim, (2) he was not in a relationship of trust and confidence with the owner of the truck, (3) there was no evidence which could support a finding of intent to steal, and (4) the district court erroneously denied his motion to take the issue of embezzlement away from the jury.
NRS 205.300 provides, in relevant part:
Any bailee of any money, goods or property, who converts it to his own use, with the intent to steal it or to defraud the owner or owners thereof and any agent, manager or clerk of any person, corporation, association or partnership, or any person with whom any money, property or effects have been deposited or entrusted, who uses or appropriates the money, property or effects or any part thereof in any manner or for any other purpose than that for which they were deposited or entrusted, is guilty of embezzlement ....
This section appears to set forth two mutually exclusive circumstances that constitute the crime of embezzlement. First, there is criminal liability for conversion by a bailee with the intent to steal or defraud and second, for diversion of entrusted property from its intended use by a fiduciary. However, the statutory definition of “bailee” unfortunately serves to muddy the waters.
NRS 205.300(4) defines bailee as:
[A]ll persons with whom any money, goods or property has been deposited, all persons to whom any goods or property has been loaned or hired, all persons to whom any goods or property has been delivered, and all persons who are, either as agent, collector or servant, empowered, authorized or entrusted to carry, collect or receive any money, goods or property of another.
*1388 Thus, the definition of “bailee” appears to coincide with the second (“fiduciary”) prong in NRS 205.300(1).
The general principles of statutory construction are straightforward. “It is well settled in Nevada that words in a statute should be given their plain meaning unless this violates the spirit of the act.” McKay v. Bd. of Supervisors, 102 Nev. 644, 648, 730 P.2d 438, 440 (1986). “[N]o part of a statute should be rendered nugatory, nor any language turned to mere surplusage, if such consequences can properly be avoided.” Paramount Ins. v. Rayson & Smitley, 86 Nev. 644, 649, 472 P.2d 530, 533 (1970) (citation omitted).
Here, if the definition of “bailee” is considered to be so broad that it is coextensive with the fiduciary prong of NRS 205.300(1), then the requirement of intent to steal or defraud under the first prong of NRS 205.300(1) is effectively rendered nugatory in contravention of our statutory construction rules. In other words, if all bailments may fall under the second, fiduciary prong, then any use of the property that is contrary to the purpose for which it was deposited, constitutes embezzlement, regardless of the bail-ee’s intent.
We conclude that the legislature, by expressly carving out a specific intent requirement for bailees who convert property to their own use, did not intend that such bailees be prosecuted under the second prong of NRS 205.300(1). Instead, bailees who convert money, property or goods to their own use must, to be convicted of embezzlement under NRS 205.300, possess the intent to steal such money, property or goods or to defraud the owners thereof.
In the present case, as King delivered his truck to Walsh in exchange for Walsh’s agreement to repair it, a bailment existed between King and Walsh. Walsh allegedly converted King’s truck for Walsh’s own use. In order to prosecute Walsh for embezzlement, the state had to prove beyond a reasonable doubt that Walsh had an intent to steal King’s truck.
The evidence on the record does not support the proposition that Walsh had any intent to steal King’s truck. All evidence indicates that Walsh merely intended to use the truck to purchase something from the gas station. The evidence on the record is inconsistent with any intent to steal the truck.
The state asserts that NRS 205.300(3) provides that any use of property exceeding the terms of the bailment is proof of an intent to embezzle. This contention is not supported by the wording of the statute. NRS 205.300(3) states, “[a]ny use of the money, *1389 goods or property by any bailee thereof, other than that for which it was borrowed, hired, deposited, carried, received or collected, is prima facie evidence of conversion and of intent to steal the same and defraud the owner or owners thereof.” (Emphasis added.)
The wording of the statute indicates a rebuttable presumption of intent to steal, not absolute proof. Therefore, Walsh’s personal use of the truck establishes only a rebuttable presumption of an intent to steal, not a conclusive finding. The district court noted that there was “not a scintilla of evidence that would indicate any intent to steal.” Thus, the district court determined that the presumption of intent to steal was rebutted by the evidence adduced at trial. Given the facts of this case, we find that a reasonable jury could not conclude that Walsh had any intent to steal the truck.
We conclude that the first prong of NRS 205.300(1) applies to bailees who allegedly convert property to their own use, and it requires an intent to steal. The second (“fiduciary”) prong of NRS 205.300(1) is not applicable in such instances; otherwise the intent requirement would effectively be rendered nugatory. As Walsh was a bailee who allegedly converted property to his own use, we conclude that the district court erred when it allowed the case to go to the jury under the second prong of NRS 205.300(1).
In addition, as Walsh lacked any intent to steal, he could not be convicted under the applicable prong of NRS 205.300(1). We therefore reverse the judgment of conviction.[1]

 Having concluded that Walsh’s conviction should be reversed, we need not address his remaining arguments on appeal.