TIMOTHY JOSEPH MILLER, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 29807

LINK KUTSCHEROUSKY, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 29827

June 17, 1997                                    941 P.2d 456

[Rehearing denied September 19, 1997]

*Michael R. Specchio,* Public Defender, *John Reese Petty,* Chief Deputy Public Defender, and *Mary Lou Wilson,* Deputy Public Defender, Washoe County, for Appellant Miller.

*Jeffrey D. Morrison,* Reno, for Appellant Kutscherousky. ·

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Gary H. Hatlestad,* Chief Appellate Deputy District Attorney, Washoe County; *Robert E. Estes,* District Attorney and *Eileen Barnett,* Deputy District Attorney, Lyon County, for Respondents.

## OPINION

*Per Curiam:*

These appeals have been consolidated for the purpose of this opinion. *See* NRAP 3(b). We conclude that in each case the district court exceeded its statutory authority in imposing a jail term as a condition of mandatory probation. Each court also erred in sentencing each appellant to a range of prison terms that did not conform to the statutory requirement. We therefore vacate appellants' sentences and remand.

### FACTS

*Kutscherousky v. State, Docket No. 29827*

In August 1996, police arrested appellant Link Kutscherousky at a house along with the couple to whom the house belonged. In the house, officers found twelve baggies of methamphetamine, some marijuana, and five hypodermic devices; one device was floating in the toilet where Kutscherousky sat. On October 14, 1996, the state filed a second amended information charging Kutscherousky with one count of use of a controlled substance, a category E felony violation of NRS 453.411. Kutscherousky was arraigned the same day and pleaded guilty.

On December 2, 1996, the district court held a sentencing hearing. Kutscherousky's presentence report showed that he had prior felony convictions for possession of a controlled substance, receiving stolen property, and being under the influence of a controlled substance. After ascertaining that probation was mandatory, the court sentenced Kutscherousky to twelve to thirty-two months in prison. The court suspended the sentence and placed Kutscherousky on probation for not more than five years, and as a condition of probation ordered him to serve six months in the Lyon County Jail.

Defense counsel informed the court that Kutscherousky had been in jail for about four months and asked if he would receive

credit for that time. The court said that it understood that Kutscherousky was "in the Lyon County Jail for a probation hold out of Washoe County." When defense counsel said that was correct, the court stated: "He can get credit someplace else. He has got all of the credit that he is going to get from this court."

## Miller v. State, Docket No. 29807

On November 20, 1996, appellant Timothy Joseph Miller signed a plea memorandum, pleading guilty to one count of use of a controlled substance, a category E felony violation of NRS 453.411. On December 4, 1996, the district court held a sentencing hearing. Defense counsel informed the court that at that time Miller was serving a six-month jail sentence due to a Reno Municipal Court case and expected to be released on January 18, 1997. The court adjudged Miller guilty and sentenced him to 18 to 48 months in prison, consecutive to his current sentence. The court suspended the sentence, placed Miller on probation for five years, and as a condition of probation ordered him to serve one year in jail, concurrent to his current sentence. The court told Miller, "you are a classic example of the failure of the legislature two years ago. You don't deserve probation, you deserve a prison sentence."

### DISCUSSION

Both appellants challenge their sentences, contending that ordering a jail term as a condition of probation offends the legislative intent of NRS 453.411(3)(a) and 193.130(2)(e).

Neither appellant objected at the time of his sentencing. The state urges us to reject Miller's appeal for this reason. Failure to raise a claim below generally bars its consideration on appeal, but this rule is relaxed in cases involving plain error or constitutional issues. Koerschner v. State, 111 Nev. 384, 386, 892 P.2d 942, 943-44 (1995). We will consider these appeals because we conclude that the district courts plainly erred.[1]

Each appellant pleaded guilty to a category E felony violation of NRS 453.411, which makes knowing use of a controlled substance unlawful. NRS 453.411(3)(a) provides that a category

---

[1] It is possible that one or both appellants have served their jail terms by this time. However, even if they have, their appeals are not moot because they challenge an activity that is capable of repetition yet evades review. *See* State v. Washoe Co. Public Defender, 105 Nev. 299, 301, 775 P.2d 217, 218 (1989) (a court may decide a technically moot case when otherwise "an important question of law could never be decided because of the nature of its timing").

E felony offender shall be punished as provided in NRS 193.130. NRS 193.130(2)(e) provides that for a category E felony

> a court shall sentence a convicted person to imprisonment in the state prison for a minimum term of 1 year and a maximum term of 4 years. Upon sentencing a person who is found guilty of a category E felony, the court *shall suspend the execution of the sentence and grant probation* to the person *upon such conditions as the court deems appropriate.*

(Emphasis added.)

Kutscherousky asserts that by sending him to jail for six months, especially after he had already spent about four months in jail,[2] the district court nullified the statutory requirement of probation. Miller challenges his one-year jail term for the same reason, arguing that although NRS 193.130(2)(e) permits appropriate conditions on probation, this does not allow a court to impose a probation condition that "effectively eliminate[s] the right to a probationary period which was made mandatory by the statute." Both appellants cite a basic principle of statutory construction: no part of a statute should be rendered nugatory, nor any language turned to surplusage, if such consequences can properly be avoided. Walsh v. State, 110 Nev. 1385, 1388, 887 P.2d 1239, 1240 (1994); *see also* Robert E. v. Justice Court, 99 Nev. 443, 445, 664 P.2d 957, 959 (1983) ("When presented with a question of statutory interpretation, the intent of the legislature is the controlling factor and, if the statute under consideration is clear on its face, a court can not go beyond the statute in determining legislative intent.").

NRS 193.130(2)(e) requires the sentencing court to grant probation "upon such conditions as the court deems appropriate." The legislature must authorize judicial power to impose conditions on probation, but given such a grant, a district court enjoys wide discretion to impose such conditions. Igbinovia v. State, 111 Nev. 699, 707, 895 P.2d 1304, 1309 (1995). In Creps v. State, 94 Nev. 351, 363, 581 P.2d 842, 851, *cert. denied,* 439 U.S. 981 (1978), this court held that "a short term of incarceration imposed as a condition of probation may in certain cases" help rehabilitate a convicted person and has its place as a sentenc-

---

[2]This prior jail time is of no relevance to the issue before us. Kutscherousky had no right to credit in this case for the prior jail time because that time was based on a different conviction. *See* NRS 176.055(1) (allowing courts to order credit for time spent in confinement before conviction, *unless* the confinement was "pursuant to a judgment of conviction for another offense").

ing alternative under NRS 176.185 and 176.205. The court stated that its "analysis of the language and background of Ch. 176 reveals no compelling reason to exclude incarceration from the [range] of permissible conditions of probation." *Id.* at 360, 581 P.2d at 848.

In comparing the instant case with *Creps,* we note a number of distinguishing factors. *See id.* at 356, 581 P.2d at 845-46. Creps was convicted of sale of a controlled substance; here, appellants were convicted of use of a controlled substance, a less serious offense. Creps was sentenced to five and a half years in prison; the maximum sentence imposable here was only four years. Creps was ordered to serve 60 days in jail; the jail terms imposed here were substantially longer, six months and twelve months in length. However, the most important distinction is that in *Creps* the granting of probation was a discretionary matter, while the statute here provides for mandatory probation.

We conclude that imposing jail time as a condition of probation is contrary to the legislative intent evident in NRS 193.130(2)(e) which requires that the execution of the sentence be suspended and probation granted. Therefore, the district courts exceeded their statutory authority in imposing jail terms as a condition of this mandatory probation.[3]

We also conclude that the district courts erred in another manner in sentencing appellants. None of the parties raised this issue, but it is plain error which we will address sua sponte. NRS 193.130(2)(e) provides that "a court shall sentence a convicted person to imprisonment in the state prison for a minimum term of 1 year and a maximum term of 4 years." The district courts incorrectly interpreted this provision as allowing a term of imprisonment ranging from 'not less than' one year to 'not more than' four years. NRS 193.130(2) does allow some variation in the range of sentences for category C and D felonies: subsection (c) requires imprisonment for "a minimum term of *not less than* 1 year and a maximum term of *not more than* 5 years," and subsection (d) requires "a minimum term of *not less than* 1 year and a maximum term of *not more than* 4 years." (Emphasis added.) However, subsection (e) does not contain the emphasized

---

[3]It appears that both district courts were dissatisfied with the plea bargains struck by the state, which required suspended sentences and probation. However, in accepting the guilty pleas, the courts were bound to follow all relevant statutory sentencing provisions. This does not mean that district courts are bound to accept every plea bargain regardless of its terms. If a district court properly determines that a plea agreement amounts to an abuse of prosecutorial discretion, it has the authority to reject the plea. *See* Sandy v. District Court, 113 Nev. 435, 935 P.2d 1148 (1997).

language and plainly requires a sentence range of exactly one to four years in prison for category E felonies. Thus, the Third Judicial District Court erred in imposing a maximum sentence of thirty-two months, and the Second Judicial District Court erred in imposing a minimum sentence of eighteen months. Each court should have sentenced each appellant to a minimum term of one year and a maximum term of four years in the state prison.

## CONCLUSION

Given the mandatory probation provision of NRS 193.130(2)(e), the district courts exceeded their statutory authority in imposing jail terms as a condition of probation.[4] The courts also erred in failing to sentence each appellant to a minimum term of one year and a maximum term of four years in the state prison. We therefore vacate appellants' sentences and remand to the district courts, directing them to impose correct sentences consistent with this opinion.

---

[4]The trial judges were obviously disenchanted with the mandatory probation provisions relative to category E felonies. While the sentences in these matters were clearly based on sincerely held judicial philosophies, the concerns of these judicial officers should be addressed to the legislature and the provisions enforced to the letter until and unless that body determines the public policy considerations behind them are unsound.