ALAN DEAN DANIELS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 32453

November 29, 1999                    988 P.2d 791

*Michael R. Specchio,* Public Defender, and *John Reese Petty,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Terrence P. McCarthy,* Deputy District Attorney, Washoe County, for Respondent.

Before ROSE, C. J., YOUNG and LEAVITT, JJ.

## OPINION

*Per Curiam:*

### SUMMARY

The issue of whether or not this court's decision in Miller v. State, 113 Nev. 722, 941 P.2d 456 (1997), applies to subsequent probation revocation hearings is one of first impression. Our decision in *Miller* held that incarceration cannot be a condition of probation for a category E felon. This issue arose after the district court revoked Alan Dean Daniels' ("Daniels") probation and reinstated his original sentence at his probation revocation hearing. The district court, however, intimated that it was desirable to condition Daniels' probation on his participation in an intensive rehabilitative program at the Washoe County Jail, but that it was prevented from doing so in light of *Miller.* We hold that, as applied to these facts which arose before NRS 193.130(2)(e) was amended in 1999, *Miller* does not prevent a district court in a later probation revocation hearing from conditioning probation on participation in a rehabilitative program that includes a term of confinement.[1]

### FACTS

On October 22, 1997, Daniels was placed on a period of

---

[1] We limit our holding only to the facts before us because in 1999, the Nevada State Legislature abrogated *Miller* by amending NRS 193.130(2)(e) to specifically allow a term of confinement of not more than one year to be a condition of probation. *See* 1999 Nev. Stat., ch. 288, § 1, at 1187.

mandatory probation pursuant to pre-amendment NRS 193.130(2)(e) after pleading guilty to the category E felony of possession of a controlled substance. After an initial and unspecified probation violation, the district court reinstated Daniels' probation on April 7, 1998, and ordered him to attend the Salvation Army rehabilitation program. However, within an hour of arriving at the Salvation Army program, Daniels left and contacted his probation officer to inform him of his action. Shortly thereafter, Daniels was arrested for being under the influence of alcohol and admitted into Washoe County's Highly Intensive Supervised Training and Education Program ("H.I.S.T.E.P."), a five-level, military-style program that teaches inmates basic work and societal skills.

At Daniels' second probation revocation hearing held on April 29, 1998, Daniels' counsel argued that, as an alternative to probation revocation and incarceration, the court should consider ordering Daniels to continue in the H.I.S.T.E.P. program. The district court, however, found that it could not order Daniels into the H.I.S.T.E.P. program pursuant to NRS 193.130(2)(e) because doing so would constitute imposing a jail term as a condition of probation, in violation of this court's decision in *Miller*. Accordingly, the district court revoked Daniels' probation and sentenced him to serve twelve to forty-eight months in prison.

## DISCUSSION

Daniels contends that the constraints on probation announced in *Miller* apply only at initial sentencing hearings, and thus do not disturb the district court's discretionary authority in subsequent probation revocation hearings. We agree with Daniels' position and reverse the district court order.

Pre-amendment NRS 193.130(2)(e) required district courts to suspend the sentences of persons convicted of category E felonies and place them instead on probation under conditions that the district courts deemed appropriate. In relevant part, the statute provided:

> [A] court shall sentence a convicted person to imprisonment in the state prison for a minimum term of 1 year and a maximum of 4 years. . . . *[U]pon sentencing a person who is found guilty of a category E felony, the court shall suspend the execution of the sentence and grant probation to the person upon such conditions as the court deems appropriate.*

NRS 193.130(2)(e) (1997) (emphasis added).

The district court's ability to determine the conditions of pro-

bation, however, was not without limits. In *Miller,* we held that a district court's ordering of a jail term as a condition of probation offended the legislative intent of NRS 193.130(2)(e) to provide mandatory probation for category E felons. 113 Nev. at 726, 941 P.2d at 458-59.

*Miller,* however, involved the district court's attachment of a jail term as a condition of probation at the initial sentencing hearing. Here, the district court had already granted Daniels his mandatory probation period and was presiding over a later probation revocation hearing. Because we conclude that the policy set forth in *Miller* and the mandatory probation provisions of NRS 193.130(2)(e) apply only to the initial sentencing procedure, we hold that the district court had authority to condition Daniels' probation on the completion of the H.I.S.T.E.P. program, regardless of whether such condition includes a short term of confinement.

## CONCLUSION

The pre-amendment NRS 193.130(2)(e) and our holding in *Miller* do not constrain a district court in a probation revocation hearing from conditioning the probation on participation in a rehabilitative program that includes a term of confinement. Accordingly, we reverse the district court judgment in light of our holding.