OPINION
 

 By the Court,
 

 Cherry, J.:
 

 This appeal concerns whether the district court erred when it denied Randy Gene Haney’s motion to correct an illegal sentence following a guilty plea to attempted third-degree arson. Haney contended that his sentence of 12 months flat time was illegal because a flat time sentence violated the separation of powers doctrine and contravened legislative intent. We conclude that the district court should have granted Haney’s motion because flat time sentencing frustrates clear legislative intent to allow the sheriff to award good time credit.
 

 
 *410
 

 FACTS
 

 Haney pleaded guilty on March 23, 2006, to attempted third-degree arson under NRS 205.020, based on an incident where he threw a Molotov cocktail and set fire to shrubbery outside of a Las Vegas apartment complex. The State and Haney stipulated to a gross misdemeanor charge for the offense. Haney was sentenced by the district court on May 1, 2006, to 12 months flat time with 72 days credit for time served. A flat time sentence is a form of determinate sentencing, generally imposed in misdemeanor cases, whereby the offender must serve the exact penalty imposed without the ability to earn credits, while incarcerated, towards early release. Haney filed a motion to correct an illegal sentence on July 3, 2006, on the basis that flat time sentencing is illegal, which was denied by the district court. Thereafter, Haney appealed from the district court’s order denying the motion.
 

 DISCUSSION
 

 Haney makes three arguments that the district court erred in denying his motion to correct an illegal sentence. First, Haney argues that the district court abused its discretion when it sentenced him to 12 months flat time because such a sentence has no statutory or constitutional basis and is thus illegal. He contends that the district court’s sentencing power arises from the Legislature’s grant of authority, and, as such, flat time frustrates the legislative intent to grant sheriffs the authority to award good time credits once the defendant is incarcerated. Second, Haney argues that a flat time sentence violates the Separation of Powers Clause of the Nevada Constitution
 
 [1]
 
 because, although the legislative branch has authority to determine punishment and fix sentences, the executive branch has specific enumerated powers to manage the corrections system.
 
 [2]
 
 Third, Haney argues that imposing a flat time sentence contravenes public policy.
 
 [3]
 
 We agree that there is no statutory basis for flat time sentencing.
 

 Although our ruling in this case will not benefit Haney directly because his sentence has expired, we nonetheless address the legal
 
 *411
 
 questions presented because they are capable of repetition, yet evading review.
 
 [4]
 
 Here, flat time sentencing of 12 months on a gross misdemeanor conviction evades review because when a defendant files his appeal, it is unlikely that this court will have time to reach a final determination on the merits before the defendant has served the sentence. Therefore, we issue this opinion to address the legal issues presented but dismiss Haney’s appeal because we cannot grant him any relief.
 

 A motion to correct an illegal sentence may only be granted when the sentence is “ ‘at variance with the controlling sentencing statute,’ or ‘illegal’ in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided.”
 
 [5]
 
 In order to decide whether the district court abused its discretion in sentencing Haney to flat time, we must first interpret several statutes.
 

 Statutory authority and legislative intent
 

 Haney makes three arguments that flat time sentencing violates sentencing statutes and frustrates legislative intent. First, he argues that because the Legislature has not created a statute authorizing flat time, the district courts may not impose flat time sentences. Second, Haney asserts that because the Legislature evinced a clear intent to allow good time credits and gave the sheriff statutory authority to award such credits, the Legislature’s intent to confer that power to the executive branch would be frustrated by allowing district courts to circumvent the awarding of good time credit by imposing flat time. Third, Haney contends that it is clear that the Legislature does not intend to allow flat time sentencing because the Legislature could have authorized flat time as recently as 2007 and did not do so.
 

 This court will review the interpretation of a statute de novo.
 
 [6]
 
 When interpreting a statute, this court will give the statute its plain meaning and will examine the statute as a whole without ren
 
 *412
 
 dering words or phrases superfluous or rendering a provision nugatory.
 
 [7]
 
 This court will award meaning to all words, phrases, and provisions of a statute.
 
 [8]
 
 If the statute is ambiguous, then this court will look beyond the statutory language itself to determine the legislative intent of the statute.
 
 [9]
 
 Finally, the rule of lenity demands that ambiguities in criminal statutes be liberally interpreted in favor of the accused.
 
 [10]
 

 We agree that the Legislature has clearly evinced its intention to confer authority upon the sheriff’s office to determine whether an individual inmate is eligible for good time credits and that allowing flat time sentencing is contrary to that intent.
 

 Prison management is a statutorily prescribed function of the executive branch. The Nevada Department of Corrections (NDOC) is governed by the Board of State Prison Commissioners, and the Governor is the president of the board.
 
 [11]
 
 Local detention facilities are managed by the county sheriff.
 
 [12]
 
 Under the Nevada Constitution, the Legislature has “[the] power to increase, diminish, consolidate or abolish” the office of county sheriffs and “shall provide for their election by the people, and fix by law their duties and compensation.”
 
 [13]
 

 NRS 211.320 gives statutory authority to the executive branch, via the sheriff’s office, to award good time credit to prisoners in detention facilities who were sentenced on or after October 1, 1991. The Legislature specifically conferred that authority to “the sheriff of the county or the chief of police of the municipality in which the prisoner is incarcerated.”
 
 [14]
 
 For purposes of NRS 211.320, a term of imprisonment has been defined as “the total number of days a prisoner is incarcerated in the facility, including .. . the time he actually spent in confinement from the date of his arrest to the date on which his sentence begins.”
 
 [15]
 
 NRS
 
 *413
 
 211.320 allows the sheriff or the chief of police to award good time and work time credits.
 
 [16]
 
 Further, NRS 211.330 and 211.340 give the sheriff or the chief of police authority to award credit for successful completion of educational and drug and alcohol abuse treatment programs to any prisoner sentenced to 90 days or more.
 

 NRS Chapter 211 was amended in 1991 with the passage of Assembly Bill 68. Among the changes made through A.B. 68, the Legislature added a new section defining the term “term of imprisonment” for the purpose of including time served from the date of arrest until the date of imprisonment.
 
 [17]
 
 The change was made in order to allow inmates to earn work credits while awaiting sentencing.
 
 [18]
 
 As passed, A.B. 68 gave authority to the sheriff to award good time and work time credits, but not credit for time served, which remains mandatory.
 
 [19]
 

 The Legislature once again modified credits to be earned by inmates with the passage of A.B. 510 in 2007. Among other provisions, A.B. 510 retroactively increased the amount of credits that certain inmates can earn.
 
 [20]
 
 It is clear, based on the legislative histories of Assembly Bills 68 and 510, that the Legislature intends for inmates to earn credit toward early release based on behavior and that the Legislature considered judicial authority when it authorized the sheriff to grant good time credits. Therefore, it is clear that the Legislature did not intend for the district courts to have any authority to restrict the sheriff’s ability to award good time credits but did intend to grant district courts the authority to award credit for time served.
 

 Further, the Legislature has had several opportunities to authorize flat time sentencing in these comprehensive sentencing bills but did not do so and, in fact, increased the amount of good time and
 
 *414
 
 work time credits that inmates may earn while incarcerated. We hold that a flat time sentence would contradict the legislative intent for inmates to earn credits for early release.
 

 Therefore, we conclude that the district court erred in denying Haney’s motion to correct an illegal sentence because the Legislature evinced a clear intent to allow good time credit awards and an equally clear intent not to permit flat time sentencing.
 

 CONCLUSION
 

 For the reasons set forth above, we conclude that flat time sentencing contravenes clear legislative intent. On the basis of our conclusion, we hold that the district court erred by denying Haney’s motion to correct an illegal sentence. However, we must dismiss Haney’s appeal because his sentence has expired.
 
 [21]
 

 Gibbons, C. J., Maupin, Hardesty, Parraguirre, Douglas and Saitta, JL, concur.
 

 [1]
 

 Nev. Const. art. 3, § 1(1).
 

 [2]
 

 See
 
 NRS 209.101; NRS 211.030. We do not reach the merits of Haney’s argument that flat time sentencing violates the Separation of Powers Clause of the Nevada Constitution because we hold that flat time sentencing contravenes the clear statutory authority held by the sheriff to award good time and work time credits.
 

 [3]
 

 We do not reach the merits of Haney’s public policy arguments in light of the fact that we find that the district court erred when it did not grant his motion to correct an illegal sentence because flat time sentencing violates statutory authority.
 

 [4]
 

 See Miller
 
 v.
 
 State,
 
 113 Nev. 722, 724 n.1, 941 P.2d 456, 458 n.1 (1997);
 
 Binegar v. District Court,
 
 112 Nev. 544, 548, 915 P.2d 889, 892 (1996).
 
 But see Knight
 
 v.
 
 State,
 
 116 Nev. 140, 143-44, 993 P.2d 67, 70 (2000) (overruling
 
 Bryan v. State,
 
 78 Nev. 38, 368 P.2d 672 (1962);
 
 State v. Cohen,
 
 45 Nev. 266, 201 P. 1027 (1921);
 
 State v. Pray,
 
 30 Nev. 206, 94 P. 218 (1908)).
 

 [5]
 

 Edwards
 
 v.
 
 State,
 
 112 Nev. 704, 708, 918 P.2d 321, 324 (1996) (quoting
 
 Allen
 
 v.
 
 United States,
 
 495 A.2d 1145, 1149 (D.C. 1985) (quoting
 
 Prince
 
 v.
 
 United States,
 
 432 A.2d 720, 721 (D.C. 1981), and
 
 Robinson
 
 v.
 
 United States,
 
 454 A.2d 810, 813 (D.C. 1982))).
 

 [6]
 

 Butler
 
 v.
 
 State,
 
 120 Nev. 879, 892, 102 P.3d 71, 81 (2004).
 

 [7]
 

 Id.
 
 at 892-93, 102 P.3d at 81 (citing
 
 Charlie Brown Constr. Co. v. Boulder City,
 
 106 Nev. 497, 502, 797 P.2d 946, 949 (1990),
 
 overruled on other grounds by Calloway
 
 v.
 
 City of Reno,
 
 116 Nev. 250, 993 P.2d 1259 (2000),
 
 overruled on other grounds by Olson v. Richard,
 
 120 Nev. 240, 89 P.3d 31 (2004)).
 

 [8]
 

 Id.
 
 at 893, 102 P.3d at 81 (citing
 
 Charlie Brown,
 
 106 Nev. at 502-03, 797 P.2d at 949).
 

 [9]
 

 Id.
 
 (citing
 
 Zabeti v. State,
 
 120 Nev. 530, 534, 96 P.3d 773 , 775 (2004),
 
 and Moore v. State,
 
 117 Nev. 659, 661-62, 27 P.3d 447, 449 (2001)).
 

 [10]
 

 Hernandez v. State,
 
 118 Nev. 513, 523-24, 50 P.3d 1100, 1107-08 (2002).
 

 [11]
 

 NRS 209.101.
 

 [12]
 

 NRS 211.030.
 

 [13]
 

 Nev. Const. art. 4, § 32.
 

 [14]
 

 NRS 211.320(1)(a).
 

 [15]
 

 NRS 211.320(5). The portion omitted from the foregoing quote, which states that the term of imprisonment includes the total number of days of incarceration “unless the court otherwise orders at his sentencing hearing,”
 
 *413
 
 refers to the district court’s ability to award credit for time served. Credit for time served is mandatory under Nevada caselaw. Credit for time served is a separate and distinct issue from flat time sentencing and has been amply addressed by this court
 
 in Anglin v. State,
 
 90 Nev. 287, 525 P.2d 34 (1974), and its progeny and will not be addressed here.
 

 [16]
 

 NRS 211.320(1).
 

 [17]
 

 1991 Nev. Stat., ch. 48, § 2, at 101-02.
 

 [18]
 

 Id.
 

 [19]
 

 NRS 176.055(1) states in relevant part that
 

 whenever a sentence of imprisonment in the county jail or state prison is imposed, the court may order that credit be allowed against the duration of the sentence, including any minimum term thereof prescribed by law, for the amount of time which the defendant has actually spent in confinement before the conviction, unless his confinement was pursuant to a judgment of conviction for another offense.
 

 See also Kuykendall
 
 v.
 
 State,
 
 112 Nev. 1285, 1287, 926 P.2d 781, 783 (1996) (despite the discretionary language of NRS 176.055(1), its purpose is to ensure that defendants are awarded credit for all time served).
 

 [20]
 

 See generally
 
 2007 Nev. Stat., ch. 525, at 3170-96.
 

 [21]
 

 Under NRS 176A.400, the district court has broad discretion to fix terms and conditions of probation. We conclude that flat time as a condition of probation is within the district court’s discretion and is unaffected by this decision.