An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JERALDINE LYNN SYLVESTRI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61165

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted embezzlement and attempted grand larceny. Fifth Judicial District Court, Mineral County; Kimberly A. Wanker, Judge.

Appellant Jeraldine Lynn Sylvestri contends that the district court abused its discretion by imposing an illegal sentence of two consecutive five-year probationary terms. We agree and conclude the sentence must be reversed. See NRS 176A.500(1)(b) (providing that "[t]he period of probation or suspension of a sentence" must not exceed five years); Wicker v. State, 111 Nev. 43, 888 P.2d 918 (1995).

Sylvestri also challenges certain conditions of her probation. We review the district court's imposition of a condition of probation for an abuse of discretion. See Igbinovia v. State, 111 Nev. 699, 707, 895 P.2d 1304, 1309 (1995) ("[A] district court judge enjoys wide discretion under grants of authority to impose . . . conditions [of probation].").

Sylvestri asserts that the district court abused its discretion by ordering her to pay $750 a month in restitution as a condition of probation without considering her custody status and/or ability to pay. We

13-07768

agree. Ordering Sylvestri to pay $750 a month while at the same time ordering that she spend twenty-four of those months in jail is irrational.[1] See Crawford v. State, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." (internal quotations omitted)). This condition of probation must be reversed.

Sylvestri also contends that the district court abused its discretion by requiring that she complete 40 hours of community service per month as a condition of probation. We agree that this condition violates NRS 176.087(4)(a) because it fails to fix the total period of community service.[2] We also agree that the district court abused its discretion by imposing this condition without making an exception for the period of time Sylvestri was ordered to be incarcerated. This condition of probation must also be reversed.[3]

---

[1]We note that during the sentencing hearing, the district court agreed with the victim's attorney that no restitution payments would be made during the term of incarceration. It therefore appears that the district court may have intended, but inadvertently omitted, to include language in this condition of probation relieving Sylvestri of her obligation to pay restitution while incarcerated.

[2]Because the district court failed to fix the total period of community service imposed, we need not reach Sylvestri's contention that the district court erred by imposing a period exceeding the statutory maximum. See NRS 176.087(4)(a)(3).

[3]We conclude that Sylvestri is estopped from challenging the conditions of her probation that require her to pay $20,000 in restitution on the date of sentencing and stipulate to and authorize the entry of a civil judgment against her. See Carter v. State, 121 Nev. 759, 769, 121 P.3d 592, 599 (2005) ("A party who participates in an alleged error is estopped from raising any objection on appeal."). And Sylvestri's remaining

*continued on next page...*

Having considered Sylvestri's contentions and concluded that she is only entitled to the relief stated herein, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Kimberly A. Wanker, District Judge
       Paul E. Quade
       Attorney General/Carson City
       Mineral County District Attorney
       Mineral County Clerk

---

*...continued*

challenges to the conditions of her probation lack merit.    See NRS 176A.400(1) (allowing the district court to "fix the terms and conditions" of probation, including those identified in the statute, "without limitation"); NRS 176A.400(1)(c)(4) (allowing the district court to impose conditions of probation "[p]rohibiting the probationer from engaging in specific conduct that may be harmful to the probationer's own health, safety or welfare"); NRS 176A.500(2)-(3) (district court may issue an arrest warrant or probation officer may arrest a probationer who has violated the conditions of probation); NRS 209.432 (defining an "offender" as used in NRS 209.4465); Haney v. State, 124 Nev. 408, 414 n.21, 185 P.3d 350, 354 n.21 (2008); Creps v. State, 94 Nev. 351, 360, 581 P.2d 842, 848 (1978) (legislative intent is the primary focus of an inquiry into the propriety of a condition of probation).