An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CAROLYN MARIE MATLOCK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65117

**FILED**

JUN 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of using the personal identification of another to establish a false status and/or identity. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Carolyn Marie Matlock claims that the district court abused its discretion at sentencing by relying on unsubstantiated assertions of other criminal conduct to impose a sentence higher than that recommended by the Division of Parole and Probation, a recommendation with which the State concurred. She further asserts that her sentence must be reversed and remanded because it punishes her for prior uncharged crimes.

"The sentencing judge has wide discretion in imposing a sentence," *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and this court will refrain from interfering with the sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). "While a district court has wide discretion to consider prior uncharged crimes during sentencing, the district court

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19728

must refrain from punishing a defendant for prior uncharged crimes." *Denson v. State*, 112 Nev. 489, 494, 915 P.2d 284, 287 (1996).

At sentencing, the prosecutor stated that there is a "difference between real-world proof and legal-world proof" and "everyone in [the] room can understand what really happened." The prosecutor explained that there was a long period of time where items went missing from the victim's home, but there was no actual proof that Matlock went into the home or knew someone who went in the home and that is why Matlock was charged only with using the personal identification of another. The prosecutor concurred with the Division's sentencing recommendation of a suspended term of 12 to 34 months. The victim then gave an impact statement in which she accused Matlock of committing numerous uncharged theft crimes against her. Prior to imposing sentence, the judge stated that he had considered all materials in the file; the victim-impact statement; the purposes and policies of sentencing; Matlock's prior criminal history, which included 11 or 12 misdemeanor convictions; and the plea negotiations. The judge sentenced Matlock to a term of 19 to 48 months, suspended the sentence, placed Matlock on probation for a period not to exceed 60 months, and imposed several conditions of probation.

Although the sentence imposed in this case is the maximum possible sentence, it is within the parameters provided by the relevant statutes, *see* NRS 193.130(2)(e); NRS 205.465(4), the district court is not required to accept the recommendations of Parole and Probation, *see Lloyd v. State*, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978), and the imposition of flat time as a condition of probation was within the district court's discretion, *see Haney v. State*, 124 Nev. 408, 414 n.21, 185 P.3d 350, 354 n.21 (2008). The record does not demonstrate that the district court relied

SUPREME COURT
OF
NEVADA

(O) 1947A

*only* on impalpable and suspect evidence when imposing the sentence, and we are not convinced that the sentence imposed was intended to punish Matlock for crimes with which she was not charged. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ Pickering _____ , J.
Pickering

_____ , J.        _____ , J.
Parraguirre                          Saitta

cc:    Hon. David A. Hardy, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk