# IN THE SUPREME COURT OF THE STATE OF NEVADA

HOMAR GALARZA LUNA,
Appellant,
vs.
WARDEN CARPENTER,
Respondent.

No. 71507

FILED

JUN 15 2017



## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus.[1] Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

Appellant Homar Luna argues that the district court erred in rejecting his challenge to the legality of his sentence for battery with the intent to commit sexual assault.[2] He interprets the applicable sentencing

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]Luna's petition was filed on February 22, 2016, more than three years after the judgment of conviction was entered in September 2012. The petition therefore was untimely absent a showing of good cause and prejudice. NRS 34.726. Luna did not acknowledge the untimely filing in the petition or assert good cause for his delay. The district court also did not acknowledge the procedural bar. We conclude that any claims of ineffective assistance of counsel asserted in the petition are procedurally barred. We limit our review to the challenge to the legality of the sentence to the extent that the petition could have been treated as a motion to correct an illegal sentence. *See* NRS 176.555 (authorizing district court to

*continued on next page . . .*

17-19935

statute, NRS 200.400(4)(b), as requiring the district court to impose a minimum term of 2 years. Based on that interpretation, Luna argues that the minimum term of 10 years imposed by the district court in this case is illegal. We disagree with Luna's interpretation of NRS 200.400(4)(b).

In interpreting a statute, we must give effect to the Legislature's intent as reflected by the statute's plain meaning. *See McNeill v. State*, 132 Nev., Adv. Op. 54, 375 P.3d 1022, 1025 (2016). NRS 200.400(4)(b) provides that when the crime of battery with the intent to commit sexual assault does not cause substantial bodily harm to the victim and the victim is 16 years of age or older, the offense is a category A felony punishable "by imprisonment in the state prison *for a minimum term of not less than 2 years* and a maximum term of life with the possibility of parole."[3] (Emphasis added.) The statute's plain language requires a maximum term of life in prison but affords the district court discretion in setting the minimum term so long as that term is not less than 2 years. *See Miller v. State*, 113 Nev. 722, 726-27, 941 P.2d 456, 459 (1997) (interpreting language in former NRS 193.130(2)(e), which provided that a person convicted of category E felony be sentenced to prison "for a minimum term of 1 year and a maximum term of 4 years" as requiring a

---

*. . . continued*
correct illegal sentence at any time); *Edwards v. State*, 112 Nev. 704, 918 P.2d 321 (1996) (describing scope of motion to correct illegal sentence).

[3]Before 2005, this offense was a category B felony punishable "by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 15 years." The statute was amended in 2005 to provide for a maximum term of "life with the possibility of parole." 2005 Nev. Stat., ch. 507, § 28, at 2876.

sentence of exactly 1 to 4 years in prison, in contrast to other sentencing statutes that provided for a minimum term of "not less than" a specific number of years and a maximum term of "not more than" a specific number years and thereby allowed for some variation in the sentencing range[4]); *cf.* NRS 200.400(4)(a) (providing that where battery with the intent to commit sexual assault causes substantial bodily harm or is committed by strangulation, the crime is a category A felony punishable by life without the possibility of parole or "[f]or life with the possibility of parole, *with eligibility for parole beginning when a minimum of 10 years has been served*" (emphasis added)). We also are not convinced that anything in NRS 193.130, which describes the categories and punishment of felonies, requires a different interpretation of NRS 200.400(4)(b). The sentence imposed in this case, which includes a minimum term of 10 years, is within the parameters provided by NRS 200.400(4)(b) and therefore is not illegal. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                         Stiglich

_____

[4]NRS 193.130(2)(e) was amended in 1999, after this court's decision in *Miller*, to provide for "a minimum term of *not less than* 1 year and a maximum term of *not more than* 4 years." 1999 Nev. Stat., ch. 288, § 1, at 1187 (italics showing amendment).

cc: Hon. Michael Montero, District Judge
Homar Galarza Luna
Attorney General/Carson City
Humboldt County District Attorney
Humboldt County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A