141 Nev., Advance Opinion 16

IN THE SUPREME COURT OF THE STATE OF NEVADA

JONATHAN ELUTERIO MARTINEZ-GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 87120



FILED

APR 17 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion to correct an illegal sentence. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Affirmed.*

Nancy Lemcke, Public Defender, and Jennifer A. Smith, Deputy Public Defender, Clark County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Taleen Pandukht, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE SUPREME COURT, HERNDON, C.J., and BELL and STIGLICH, JJ.

25-17236

*OPINION*

By the Court, STIGLICH, J.:

In 2015, the Legislature enacted NRS 213.12135(1), which provides that juvenile offenders are eligible for parole after a set number of years—15 years if the juvenile offender was convicted of a nonhomicide offense and 20 years if the offender was convicted of an offense resulting in the death of a single victim. Appellant, a juvenile offender who was convicted of nonhomicide offenses and sentenced to an aggregate prison term with parole eligibility after 16 years, contends that this sentence is illegal and that the judgment of conviction must be amended to reflect the 15-year parole eligibility date under NRS 213.12135(1)(a).

This court has not previously made express that NRS 213.12135 is given effect by operation of law, and we do so here. NRS 213.12135(1) confers parole eligibility without any further action required by the sentencing court. And, as this court has already held, the statute applies to the aggregate term of imprisonment imposed by the sentencing court. Accordingly, a juvenile nonhomicide offender will be parole eligible after serving 15 years, even if the judgment of conviction states an aggregate term with parole eligibility after more than 15 years. A sentence providing for parole eligibility after an aggregate term in excess of 15 years, however, does not render the sentence imposed illegal where the sentence otherwise conforms with the sentencing statutes for the offenses committed. We agree with the district court that appellant's sentence providing for parole eligibility after 16 years was not illegal and affirm its order denying relief.

## FACTS AND PROCEDURAL HISTORY

After appellant Jonathan Eluterio Martinez-Garcia attacked his 11th-grade English teacher, Martinez-Garcia pleaded guilty to attempted murder, attempted sexual assault, and battery with use of a deadly weapon resulting in substantial bodily harm. The district court sentenced Martinez-Garcia to two consecutive prison terms of 8 to 20 years, as well as a concurrent term of 6 to 15 years, rendering an aggregate sentence of 40 years with parole eligibility after 16 years. Martinez-Garcia moved to reconsider the sentence, arguing that the sentence imposed was illegal and that he was entitled by statute to parole eligibility after 15 years as a juvenile nonhomicide offender. The district court characterized the filing as a motion to correct an illegal sentence and denied it on its merits. Martinez-Garcia appealed.

## DISCUSSION

Martinez-Garcia argues that the district court should have imposed a sentence with parole eligibility after 15 years, given the offenses to which he pleaded guilty, and that the sentence imposed was illegal because it provided for parole eligibility after 16 years. Martinez-Garcia argues that it was improper for the district court to impose a sentence at variance with NRS 213.12135(1)(a) and that the judgment of conviction should have expressly referred to that statute. The State counters that the sentence appropriately comported with the statutes governing the offenses to which Martinez-Garcia pleaded guilty.

A motion to correct an illegal sentence works to address a facially illegal sentence. *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). As relevant here, a facially illegal sentence is one that goes beyond the court's sentencing authority. *Id.* We review a district court order denying a motion to correct an illegal sentence for an abuse of

SUPREME COURT
OF
NEVADA

(O) 1947A

discretion. *See Haney v. State*, 124 Nev. 408, 411, 185 P.3d 350, 352 (2008). But when the motion depends on statutory interpretation, it presents a question of law that we review de novo. *Williams v. State, Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017). In interpreting a statute, we seek to give force to the Legislature's intent and will not go beyond the statute's plain language when it is clear and unambiguous. *Id.*

The sentences imposed comply with the sentencing statutes. *See* NRS 193.153(1)(a)(1) (providing that attempt to commit a category A felony is punished as a category B felony with a minimum prison term of at least 2 years and a maximum of no more than 20 years); NRS 200.030(4)-(5) (stating that murder is a category A felony); NRS 200.366(2) (stating that sexual assault is a category A felony); NRS 200.481(2)(e)(2) (providing that battery with the use of a deadly weapon causing substantial bodily harm is subject to a sentence with a minimum prison term of at least 2 years and a maximum of no more than 15 years). Martinez-Garcia does not argue otherwise. Instead, Martinez-Garcia relies on NRS 213.12135(1)(a), but that statute does not render Martinez-Garcia's sentence illegal.

NRS 213.12135(1)(a) provides that "a prisoner who was sentenced as an adult for an offense that was committed when he or she was less than 18 years of age is eligible for parole" after serving 15 years of the sentence where the offense or offenses did not result in the death of a victim. We have clarified that the statute applies to the aggregate term of a sentence because the Legislature described the sentence as that for "an offense or *offenses.*" *State v. Boston*, 131 Nev. 981, 990, 363 P.3d 453, 459 (2015) (quoting the enacting legislation). Martinez-Garcia's consecutive sentences, each with parole eligibility after 8 years, thus fall under NRS 213.12135(1)(a).

We have not addressed, however, specifically how NRS 213.12135(1) operates. In applying an analogous statute, the California Supreme Court concluded that the statute ensured parole eligibility after a fixed number of years by operation of law and thus did not supplant the original sentence imposed or require resentencing. *People v. Franklin*, 370 P.3d 1053, 1061 (Cal. 2016). The court observed that "[t]he Legislature did not envision that the original sentences of eligible youth offenders would be vacated and that new sentences would be imposed." *Id.* Accordingly, the original sentence remained valid, notwithstanding that the offender would become parole eligible at an earlier date. *See id.* at 1065 (concluding that the offender did not need to be resentenced and that the longer sentences in the judgment of conviction remained valid, but that the parole-eligibility statute provided for parole eligibility after a shorter period by operation of law).

NRS 213.12135(1)(a) operates in the same way. The statute does not expressly address the underlying judgment of conviction in providing for parole eligibility after a fixed number of years. Thus, we conclude that the statute was intended to take effect by operation of law. Our decision in *Boston*, 131 Nev. 981, 363 P.3d 453, is consistent with that understanding. There, we held that NRS 213.12135(1)(a) makes a juvenile nonhomicide offender parole eligible after serving 15 years "[r]egardless of the minimum prison sentence that the trial court sets for eligibility." *Id.* at 990, 363 P.3d at 459. But notably, this court did not see a need to provide any relief from the judgment of conviction that required the prisoner to serve approximately 100 years before being eligible for parole. In this, we observed that "the judiciary [could not] provide [the prisoner] with a better solution than that which the Legislature has already provided." *Id.*

NRS 213.12135 does not limit the district court's sentencing authority, and resentencing is not necessary. Interpreting NRS 213.12135(1) to require that the judgment of conviction be amended would impose a requirement not present in the statute's plain language, and Martinez-Garcia has not shown that any other legal rule so demands. Further, construing the statute otherwise would undermine the Legislature's directive, strain judicial resources, and create a risk of unequal application for any qualifying offender who neglected to seek correction of a judgment of conviction. Insofar as Martinez-Garcia expresses concern that he will not be afforded a parole hearing once he has served 15 years, such harm is speculative and thus not a basis on which relief may be afforded. *See Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 887, 141 P.3d 1224, 1231 (2006) (explaining that a claim is not ripe for review when the alleged harm is speculative or hypothetical). Should officials violate Martinez-Garcia's statutory right to parole eligibility after 15 years, he may seek recourse when that harm is actual and not hypothetical.

## CONCLUSION

We conclude that NRS 213.12135(1)(a) provides for parole eligibility for a juvenile nonhomicide offender after 15 calendar years of incarceration by operation of law. The statute does not require resentencing or amendment of the underlying judgment of conviction, even if that judgment states that the offender is eligible for parole after an aggregate prison term in excess of 15 years. Thus, although we acknowledge that Martinez-Garcia will be eligible for parole pursuant to NRS 213.12135(1)(a) after serving 15 years regardless of the longer parole-eligibility period set forth in the judgment of conviction, we conclude that the judgment of conviction did not impose an illegal sentence because the sentences imposed are within the parameters of the applicable sentencing statutes. We

SUPREME COURT
OF
NEVADA

(0) 1947A

therefore affirm the district court order denying Martinez-Garcia's motion to correct an illegal sentence.

_____ , J.
Stiglich

We concur:

_____ , C.J.
Herndon

_____ , J.
Bell