*1173 OPINION

Per Curiam:

This original petition for a writ of mandamus challenges an order of the district court denying petitioner’s motion for a recalculation of sentence credits. We conclude that the district court had an absolute duty to order the Nevada Department of Prisons to credit petitioner with his prior parole and to recalculate his sentence on this basis. Accordingly, we grant the petition for a writ of mandamus.
In July, 1984, petitioner was tried before a jury on three counts of obtaining money under false pretenses. The jury returned a guilty verdict on all three counts, and the district court entered a judgment of conviction. Petitioner was then sentenced to three consecutive eight-year terms in the Nevada State Prison. Petitioner was transferred to the Department of Prisons on August 28, 1984, and he was paroled from his first eight-year sentence on May 29, 1985. He then began serving his second eight-year sentence. On December 12, 1985, pursuant to petitioner’s direct appeal, this court vacated the judgment of conviction and remanded the matter for a new trial.
Upon remand, the three counts of obtaining money under false pretenses were consolidated with two additional counts of obtaining money under false pretenses. These five counts were tried before a jury in October, 1987, and the jury found petitioner guilty on all five counts. In November, 1987, the district court sentenced petitioner to three consecutive eight-year terms on the original three counts and to two consecutive five-year terms on the additional two counts. The five-year terms are to run consecutively to the eight-year terms. At the time of sentencing, petitioner was credited with 1,000 days of jail time for his prior *1174 incarceration. Petitioner was not, however, given credit for his previous parole; instead, all 1,000 days of petitioner’s credit for time served were applied to his first eight-year sentence. Although petitioner was sentenced in November, 1987, the district court did not enter its judgments of conviction until September 1, 1993.
Petitioner filed his notices of appeal from the district court’s judgments in proper person, and an attorney was subsequently appointed to represent him. This attorney wrote a letter to then District Judge J. Charles Thompson, who had presided at trial. In this letter, petitioner’s attorney noted that when petitioner was resentenced, he did not receive credit for his earlier parole, and with regard to the original three counts of obtaining money under false pretenses, petitioner will actually end up spending more time in jail than if he had not appealed, even though he received the same prison terms on these counts after the second trial. In addition, counsel pointed out that with regard to petitioner’s five terms imposed after the second trial, petitioner has expired one eight-year term, has been paroled from his other two eight-year terms, and is now serving the first of two five-year terms.
As a result of this letter, former Judge Thompson requested that this court remand the matter so that he could reconsider petitioner’s credit for time served. According to Judge Thompson, the state’s attorney representing the Department of Prisons had agreed to work with petitioner’s attorney in resolving this issue. The state did not oppose Judge Thompson’s request for a remand. On December 14, 1994, we remanded the case to the district court for the limited purpose of reconsidering petitioner’s sentencing issues.
On January 8, 1995, Judge Thompson announced his resignation. On the next day, January 9, 1995, petitioner filed a motion for recalculation of sentence credits in the district court. Thereafter, on January 11, 1995, District Judge Nancy Becker entered an order requiring the Department of Prisons to “immediately prepare a recalculation of John Mays’ sentence that gives him full credit for a parole received prior to the remand and retrial in this matter.”
On January 17, 1995, District Judge Donald M. Mosley held a hearing on petitioner’s motion for recalculation. At this hearing, the parties discussed a memorandum that had been prepared by the Department of Prisons. The memorandum assumed that petitioner was given credit for his 1985 parole and set forth approximate parole dates for petitioner’s second, third, fourth and fifth terms based upon petitioner’s parole history. According to this memorandum, if petitioner had been given credit for his 1985 *1175 parole, he would have been eligible for parole from his fifth and last term in approximately March of 1995.
At the hearing, the state’s attorney representing the Department of Prisons expressed concern about the memorandum. According to this attorney, the memorandum presumed that petitioner received or will receive parole from each sentence at the earliest possible date.[1] In addition, this attorney opined that no statutory authority authorizes the Department of Prisons or the district court to give petitioner credit for his 1985 parole.
At the hearing’s conclusion, Judge Mosley opined that “this parole matter is not a viable argument” and that petitioner should be credited with “the 1000 days or 1000 plus, whatever it is actually calculated to be.” Thereafter, on February 2, 1995, the late District Judge William P. Beko signed an order denying petitioner’s motion for recalculation of sentence credits. This order, which was prepared by the state’s attorney for the Department of Prisons, finds that petitioner “was credited with all the time required under statute and that credit for a prior parole upon resentencing was not contemplated by the present statutory scheme.” Additionally, the district court concluded that “no good cause exists to modify [petitioner’s] existing sentence structure.” The order was filed on February 3, 1995.
Thus, in a nutshell, although this court remanded petitioner’s sentencing issues at Judge Thompson’s request and with the understanding that the state’s attorney for the Department of Prisons would work with petitioner’s attorney in resolving these issues, Judge Thompson subsequently retired from the bench, the state’s attorney took the firm position that petitioner is not entitled to credit for his 1985 parole, and two different district court judges agreed with the state’s position.
On March 10, 1995, petitioner filed the instant petition for a writ of mandamus, in which he challenges the district court’s order denying him credit for his prior, 1985 parole. In his petition, petitioner points out that if his current appeal is successful and he is subsequently reconvicted and resentenced to the *1176 same terms, he will face an even longer duration in prison under the Department of Prisons’ present policy.
On April 18, 1995, in the context of petitioner’s direct appeal, this court ordered the state to show cause why petitioner should not be given credit for his 1985 parole and why his current sentence should not be recalculated on that basis. In response to our order, the state asserted that petitioner’s second sentence is different from his first, as his second sentence resulted from two additional convictions of obtaining money under false pretenses. The state also contended that petitioner received all the time to which he was entitled from his prior sentence and that no Nevada statutory authority permits the state to credit him with his prior parole from a vacated sentence. Notably, the state did not offer any insight regarding its alleged agreement to work with petitioner’s attorney in resolving this issue, or its failure to object when former Judge Thompson asked us to remand the matter to the district court so that petitioner’s sentencing issues could be reconsidered.
The state is technically correct in pointing out that petitioner’s second sentence is different from his original sentence because it includes prison terms for two additional counts. Petitioner, however, received the same prison terms for his convictions on the three original counts in the second sentence. Thus, contrary to the state’s suggestion, petitioner did not receive a longer sentence with regard to these original counts. Crediting him with his prior parole thus presents no logistical problem.
We disagree with the state’s assertion that it is not permitted by statute to credit petitioner with his prior parole. NRS 176.055 states, in pertinent part, as follows:
[W]henever a sentence of imprisonment in the county jail or state prison is imposed, the court may order that credit be allowed against the duration of the sentence, including any minimum term thereof prescribed by law, for the amount of time which the defendant has actually spent in confinement before conviction ....
With respect to consecutive terms of imprisonment, nothing in this statutory provision precludes the state from applying one portion of time served to the first term of a sentence and another portion of this time to a consecutive term or terms. Moreover, this provision does not prevent the Department of Prisons from crediting a prisoner with a prior parole. Otherwise, as petitioner points out, a prisoner who has been paroled from several consec *1177 utive terms who is then resentenced would lose the benefit of his prior paroles.
In Morrissey v. Brewer, 408 U.S. 471, 489 (1972), the United States Supreme Court ruled that a parolee has a liberty interest protected by the Fourteenth Amendment’s due process clause, that the state must afford a parolee some opportunity to be heard before parole is revoked, and that the revocation must be supported by verified facts. These due process rights apply to parolees who are still confined in prison on “constructive parole” as well as those serving parole outside of prison. Johnson v. Com. Pa. Bd. of Probation and Parole, 532 A.2d 50 (Pa. Commw. Ct. 1987). As the sentence for which petitioner received parole was vacated, petitioner’s parole was not “revoked” in the traditional sense. Nevertheless, we conclude that petitioner’s due process rights were infringed, given that the first term of his second 1987 sentence was identical to the first term of his original, 1985 sentence.
In North Carolina v. Pearce, 395 U.S. 711, 724 (1969), overruled in part on other grounds, Alabama v. Smith, 490 U.S. 794 (1989), the United States Supreme Court concluded that the “imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be ... a violation of due process of law.” Here, although petitioner’s three original sentences were not increased when he was reconvicted, petitioner faces a longer duration in jail simply because he was successful on appeal. This, to us, smacks of a penalty.
The state correctly points out that Pearce was overruled in part by Alabama v. Smith, 490 U.S. 794 (1989). In Smith, the Supreme Court again recognized that “ ‘[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.’” Id. at 798 (quoting Pearce, 395 U.S. at 725). The court concluded, however, that no presumption of vindictiveness arises when a greater penalty is imposed after trial than was imposed after a prior guilty plea, as plea agreements are often based on a recommended lighter sentence, and facts suggesting that a heavier sentence is warranted may be adduced at trial. Id. at 801.
Here, petitioner’s prior sentence was not based upon a guilty plea, so Smith is not on point. In addition, petitioner does not challenge the length of his second sentence as vindictive; instead, he asserts that the state has improperly refused to give him credit *1178 for his prior parole, thereby creating a de facto increase in the length of his second sentence. In our view, the state’s continuous refusal to credit petitioner with his prior parole, particularly in light of the district court’s request for a remand so that this issue could be resolved, constitutes vindictive behavior. Under these circumstances, it is fundamentally unfair and a violation of petitioner’s due process rights for the state to refuse him credit for his prior parole.
A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). Here, the district court had an absolute duty to order the Department of Prisons to credit petitioner with his prior parole and to recalculate his sentence on this basis. We therefore grant this petition. The clerk of this court shall issue a writ of mandamus compelling the district court to order the Nevada Department of Prisons to give petitioner credit for his prior parole and to recalculate the remainder of his sentence in light of this parole credit.

We note that the memorandum prepared by the Department of Prisons tracked petitioner’s parole history and did not assume that if petitioner had been given credit for his 1985 parole, he would have obtained successive paroles at the first available opportunity. As petitioner is now serving his fourth of five consecutive terms, he has no parole history with regard to these last two terms. Therefore, the memorandum based its parole dates for these last two sentences on the dates on which petitioner will first be eligible for parole. As the memorandum followed petitioner’s parole history as closely as possible, it appears that the concerns of the state’s attorney were unwarranted.