DANIEL GENE JOHNSON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 40833

May 19, 2004                                   89 P.3d 669

*Steve E. Evenson,* Lovelock, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Arthur E. Mallory,* District Attorney, and *Will B. Mattly,* Chief Deputy District Attorney, Churchill County, for Respondent.

---

[42]We have carefully examined appellant's other claims, but in light of our decision today, we need not reach them.

Before SHEARING, C. J., ROSE and MAUPIN, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of uttering a forged instrument (counts I-II) and one count of principal to commit uttering a forged instrument (count III). The district court sentenced appellant Daniel Gene Johnson to serve concurrent prison terms of 12-48 months and 18-48 months for counts I and II and a consecutive prison term of 18-48 months for count III, and ordered him to pay $424.40 in restitution jointly and severally with his codefendant. The district court gave Johnson credit for 128 days time served, and ordered that it be applied only to the sentence imposed for count I. Johnson was initially arrested and taken into custody on July 14, 2002, on the charges to which he ultimately pleaded guilty, as well as on fifteen other felony counts, including: burglary; principal to commit burglary; possession of a stolen motor vehicle; obtaining and being a principal to obtaining money, property, rent or labor by false pretenses; and possession and being a principal to possession with the intent to utter a forged instrument. In exchange for his guilty plea to the three counts noted above, the State agreed not to pursue the fifteen other felony counts.

Johnson's sole contention is that the district court abused its discretion in ordering the credit for presentence confinement to be applied only to the sentence imposed for count I, a sentence concurrent to the sentence imposed for count II but with a shorter minimum term. Citing to *Kuykendall v. State,*[1] Johnson argues

___

[1] 112 Nev. 1285, 1287, 926 P.2d 781, 783 (1996) (holding that the purpose of NRS 176.055(1) is "to ensure that all time served is credited towards a defendant's ultimate sentence"); *see also Anglin v. State,* 90 Nev. 287, 292, 525 P.2d 34, 37 (1974) (holding that the purpose of the credit statute is "to provide credit for confinement . . . where (1) bail has been set for the defendant and (2) the defendant was financially unable to post the bail"); *Nieto v. State,* 119 Nev. 229, 231-32, 70 P.3d 747, 748 (2003) (stating in dicta that "the

that he is entitled to have the credit for presentence confinement applied to both of the concurrent sentences.[2] Although the presentence investigation report prepared by the Division of Parole and Probation noted that Johnson was entitled to 128 days of credit for time served, there was no discussion by the parties or the district court about presentence confinement credit at the sentencing hearing. The first indication that the district court had awarded credit and had apportioned it only to the term imposed on count I was when the written judgment of conviction was filed.

The State first argues that this court need not address Johnson's argument because: (1) Johnson should have initially raised the issue in the district court either in a post-conviction petition for a writ of habeas corpus or in a motion to correct an illegal sentence,[3] and (2) the issue was not preserved for review on appeal because Johnson never objected or raised the issue at any point in the proceedings below. We disagree. Johnson has properly raised this sentencing issue on direct appeal in the first instance.[4] Under the circumstances present here, Johnson had no reason or opportunity to object during the proceedings below to the manner in which the district court apportioned the presentence confinement credit until the written judgment of conviction was entered. Therefore, we reject the State's contentions that the issue was not properly preserved for appeal and that it should have been raised in the first instance in post-conviction proceedings in the district court.

Citing to *Mays v. District Court,* the State also contends that the district court retains the discretion to apply the credit, as it did in Johnson's case, only to the shorter of the two concurrent sentences.[5] The State's reliance on *Mays* is misplaced and unpersua-

---

granting of credit for pretrial confinement is not necessarily limited to the situations discussed in *Anglin*'').

[2]*See generally* NRS 176.055(1) (''whenever a sentence of imprisonment . . . is imposed, the court may order that credit be allowed against the duration of the sentence . . . for the amount of time which the defendant has actually spent in confinement before conviction'').

[3]*See* NRS 34.724(2)(c); NRS 176.555.

[4]*See Franklin v. State,* 110 Nev. 750, 877 P.2d 1058 (1994) (claims appropriate for direct appeal, including a challenge to the sentence imposed, must be pursued on direct appeal or will be considered waived), *overruled on other grounds by Thomas v. State,* 115 Nev. 148, 979 P.2d 222 (1999); *see also Parrish v. State,* 116 Nev. 982, 12 P.3d 953 (2000) (holding that a sentencing determination will not be disturbed on appeal absent an abuse of discretion by the district court).

[5]111 Nev. 1172, 1176, 901 P.2d 639, 642 (1995).

sive; the facts of that case have no application to the instant case.[6] As we held in *Kuykendall,* the purpose of NRS 176.055, the statute governing the application of credit for presentence confinement, is "to ensure that *all time served* is credited towards a defendant's *ultimate sentence.*"[7] The overwhelming majority of states adhere to the following generally accepted principle when apportioning credit for time served in presentence confinement, as stated by the Supreme Court of Hawaii in *State v. Tauiliili*:

> [W]hen concurrent sentences are imposed, presentence credit is applied once. The credit applied once, in effect, is applied against each concurrent sentence. This is done because the longest term of the concurrent sentences determines the total length of the imprisonment.[8]

Our holding in *Kuykendall* coincides with the reasoning in *Tauiliili,* and we conclude that credit for time served in presentence confinement may not be denied to a defendant by applying it to only one of multiple concurrent sentences. To hold otherwise would render such an award a nullity or little more than a "paper" credit.[9] Johnson was taken into custody at the same time for all of the charges to which he pleaded guilty, and therefore, he was entitled to have the 128 days credit for time served in presentence confinement applied to both of the concurrent sentences imposed for counts I and II, and not only to the sentence imposed for count I.

In light of the above, we remand this matter to the district court with instructions to modify the sentence by applying the presentence confinement credit to both counts I and II.[10]

---

[6]In *Mays,* this court granted an original petition and ordered "the Nevada Department of Prisons to give petitioner credit for his prior parole and to recalculate the remainder of his sentence in light of this parole credit." 111 Nev. at 1178, 901 P.2d at 643.

[7]112 Nev. at 1287, 926 P.2d at 783 (emphasis added).

[8]29 P.3d 914, 918 (Haw. 2001); *see also State v. Price,* 50 P.3d 530, 534-35 (Mont. 2002) (listing cases and jurisdictions following the same general principle).

[9]*See Blankenship v. State,* 763 A.2d 741, 742-43 (Md. Ct. Spec. App. 2000).

[10]Because Johnson is represented by counsel in this matter, we decline to grant him permission to file documents in proper person in this court. *See* NRAP 46(b). Accordingly, the clerk of this court shall return to Johnson unfiled all proper person documents that he has submitted to this court in this matter.