An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE REFUGIO BARAJAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61274

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Jose Refugio Barajas' post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

Barajas contends that the district court erred by denying his claim that counsel was ineffective for failing to request additional credit for time served in presentence confinement.[1] When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those

---

[1]To the extent Barajas contends that the district court erred by denying his claim that the judgment of conviction was invalid because of an incorrect award of presentence credit, this claim was waived because it was not raised on direct appeal, see Griffin v. State, 122 Nev. 737, 744, 137 P.3d 1165, 1169 (2006); Franklin v. State, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994), overruled on other grounds by Thomas v. State, 115 Nev. 148, 979 P.2d 222 (1999), and was not properly raised in a post-conviction petition for a writ of habeas corpus because it was not presented as an ineffective assistance of counsel claim, see NRS 34.810(1)(a); Griffin, 122 Nev. at 745, 137 P.3d at 1170.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07779

facts de novo. <u>Lader v. Warden</u>, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Barajas failed to demonstrate that he was entitled to any additional credit. <u>See</u> NRS 176.055(1) (providing that a defendant will be given credit for the amount of time spent in confinement prior to conviction unless the confinement was pursuant to the judgment of conviction for a different offense); <u>see also</u> <u>McMichael v. State</u>, 94 Nev. 184, 194, 577 P.2d 398, 404 (1978) ("Only incarceration pursuant to a charge for which sentence is ultimately imposed can be credited against that sentence."), <u>overruled on other grounds by</u> <u>Meador v. State</u>, 101 Nev. 765, 711 P.2d 852 (1985), and <u>abrogated on other grounds by</u> <u>Braunstein v. State</u>, 118 Nev. 68, 40 P.3d 413 (2002). And Barajas' reliance on <u>Johnson v. State</u>, 120 Nev. 296, 89 P.3d 669 (2004), is misplaced because <u>Johnson</u> only mandates presentence incarceration credit for sentences ordered to run concurrently within a single judgment of conviction. <u>Johnson</u> does not mandate presentence incarceration credit where the sentences are ordered to run concurrently in separate judgments of conviction. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                    Saitta

cc: Second Judicial District Court Dept. 8
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A