135 Nev., Advance Opinion 57

IN THE SUPREME COURT OF THE STATE OF NEVADA

UPUTAUA DIANA POASA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76676

**FILED**

NOV 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a guilty plea, of grand larceny of an automobile, less than $3,500. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

*Remanded.*

John L. Arrascada, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Marilee Cate, Appellate Deputy District Attorney, Washoe County,
for Respondent.

BEFORE THE COURT EN BANC.

19-48502

## OPINION

By the Court, SILVER, J.:

Nevada law is well-settled that when a district court imposes a sentence in a criminal case, it must give a defendant credit for any time the defendant has actually spent in presentence confinement absent an express statutory provision making the defendant ineligible for that credit. In this case, the State asks us to reconsider that law and overrule established precedent. We decline to do so. Because appellant Uputaua Diana Poasa was eligible for presentence credit, the district court erred in forfeiting that credit as a condition of probation. Accordingly, we remand this case to the district court with instructions to amend the judgment of conviction to give Poasa the required credit for time served in presentence confinement.

### I.

The State charged Poasa with grand larceny of an automobile, less than $3,500, a category C felony, and unlawful taking of a motor vehicle, a gross misdemeanor. Poasa pleaded guilty to both counts pursuant to plea negotiations. The plea agreement included the condition that if she paid $800 in restitution and completed substance abuse counseling prior to sentencing, the State would allow her to withdraw her guilty plea to felony grand larceny and she would be sentenced on the gross misdemeanor charge. Conversely, if Poasa failed to pay restitution or complete counseling prior to sentencing, the State would allow her to withdraw her plea on the gross misdemeanor and she would be sentenced on the felony.

After the entry of Poasa's guilty plea, and pursuant to negotiations, the district court released Poasa on her own recognizance. Poasa thereafter failed to appear at sentencing and ultimately had to be

 

extradited back to Washoe County and placed in custody prior to sentencing.

At Poasa's sentencing hearing, Poasa requested that the district court withdraw her plea to the gross misdemeanor charge and proceed with sentencing her on the felony, conceding she failed to fulfill the requirements of her plea agreement. But Poasa also requested that the district court order her into a diversion program pursuant to NRS 458.300, citing her family history, young age, lack of criminal history, and substance abuse issues in mitigation. The State countered that a diversion program was inappropriate because Poasa failed to appear twice before for court, including for her sentencing hearing in this case, and further argued that she was only present for sentencing because she was extradited back to Washoe County on new drug charges. As a result, the State recommended that the district court sentence Poasa to 12 to 30 months in prison. In the alternative, the State argued that if the court was inclined to give Poasa probation, the court should forfeit Poasa's 99 days' credit for time served and further order her to serve an additional 90 days in jail as conditions of probation.

The district court sentenced Poasa to a suspended prison term of 12 to 34 months and placed her on probation for an indeterminate period not to exceed five years. As a condition of her probation, the court ordered Poasa to complete drug court and serve an additional 29 days in jail until the next available drug court date. Finally, over defense counsel's objection, the court forfeited 99 days' credit for time Poasa already served in jail while awaiting sentencing. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

## II.

Poasa argues the district court erred by failing to give her credit for time served in presentence confinement. She relies on Nevada law, notably NRS 176.055(1) and this court's interpretation of the statute in *Kuykendall v. State*, 112 Nev. 1285, 926 P.2d 781 (1996).

NRS 176.055(1) states in relevant part that "whenever a sentence of imprisonment in the county jail or state prison is imposed, the court *may* order that credit be allowed against the duration of the sentence . . . for the amount of time which the defendant has actually spent in confinement before conviction." (Emphasis added.) In *Kuykendall*, we acknowledged that the word "may" implies discretion but nevertheless concluded that the statute mandated credit for time served before sentencing because "the purpose of the statute is to ensure that all time served is credited towards a defendant's ultimate sentence." 112 Nev. at 1287, 926 P.2d at 783.

Since *Kuykendall*, we have repeatedly followed its holding that, under NRS 176.055(1), sentencing courts must award credit for time served in presentence confinement. *See, e.g.*, *Haney v. State*, 124 Nev. 408, 413, 185 P.3d 350, 354 (2008) ("[C]redit for time served . . . remains mandatory."); *Johnson v. State*, 120 Nev. 296, 299, 89 P.3d 669, 671 (2004) (citing *Kuykendall* in holding "that credit for time served in presentence confinement may not be denied to a defendant by applying it to only one of multiple concurrent sentences"); *Nieto v. State*, 119 Nev. 229, 231, 70 P.3d 747, 748 (2003) ("NRS 176.055(1) states that a defendant is entitled to credit against a sentence for time 'actually spent in confinement before conviction . . . .'"). The State urges us to overrule *Kuykendall* on the ground that it conflicts with the statute's plain language.

## III.

"[U]nder the doctrine of *stare decisis*, we will not overturn [precedent] absent compelling reasons for so doing." *Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) (alterations in original) (quoting *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (footnote omitted)). Avoiding the "perpetuation of error" can be a compelling reason to overturn precedent, *Stocks v. Stocks*, 64 Nev. 431, 438, 183 P.2d 617, 620 (1947) (internal quotation marks omitted), but "[m]ere disagreement" with a prior decision is not enough, *Miller*, 124 Nev. at 597, 188 P.3d at 1124.

When it comes to *Kuykendall*, we have no disagreement with it, let alone believe it to be clearly erroneous. In particular, the reasoning in *Kuykendall* is consistent with a general rule this court has long followed: "[I]n construing statutes, 'may' is construed as permissive . . . *unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature*." *Ewing v. Fahey*, 86 Nev. 604, 607, 472 P.2d 347, 349 (1970) (emphasis added) (quoting *City of Wauwatosa v. Cty. of Milwaukee*, 125 N.W.2d 386, 389 (Wis. 1963)); *accord* NRS 0.025(1)(a) (providing that "[e]xcept as otherwise . . . required by the context," the word "'[m]ay' confers a right, privilege or power"). The *Kuykendall* court did not ignore the word "may" in the statute or that it generally conveys discretion; rather, the court determined that the statute's purpose demanded a different construction of "may"—that it imposed a mandate. 112 Nev. at 1287, 926 P.2d at 783.

The Legislature's silence in the 23 years since *Kuykendall* was decided suggests its agreement with the court's construction of the statute,

SUPREME COURT
OF
NEVADA

(O) 1947A

particularly as it has made other changes to the statute.[1] *See Runion v. State*, 116 Nev. 1041, 1047 n.2, 13 P.3d 52, 56 n.2 (2000) (noting that when the Legislature has amended a statute without changing language previously interpreted by this court, it is presumed the Legislature approved the court's interpretation). The mandatory construction also comports with notions of fundamental fairness, prevents arbitrary application of the statute, and avoids constitutional concerns with discrimination based on indigent status. *See, e.g., Kuykendall*, 112 Nev. at 1287, 926 P.2d at 783 (addressing caselaw regarding whether mandatory credit for presentence incarceration is predicated upon indigency); *Merna v. State*, 95 Nev. 144, 145, 591 P.2d 252, 253 (1979) (addressing credit for time served as a condition of probation and concluding credit should be given as a matter of fundamental fairness); *Anglin v. State*, 90 Nev. 287, 292, 525 P.2d 34, 37 (1974) (concluding that under the Fourteenth Amendment, a sentencing court must provide credit for presentence confinement where bail has been set but the defendant is unable to pay).

In light of the foregoing, we conclude there is no compelling reason to overturn *Kuykendall* and its progeny.

IV.

Poasa spent 99 days in presentence confinement, but the sentencing court refused to credit that time toward her ultimate sentence.

---

[1]In particular, the Legislature last amended NRS 176.055(1) in 2013. 2013 Nev. Stat., ch. 64, § 2, at 222.

Based on *Kuykendall*, we conclude the district court erred. We therefore remand for the sentencing court to amend the judgment of conviction to give Poasa credit for the time she actually served in presentence confinement.

_____, J.
Silver

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish