137 Nev., Advance Opinion 47

IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| TYERRE LANELL WHITE-HUGHLEY, A/K/A TYERRE LANELL WHITE, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 80549 <br><br> **FILED** <br><br> SEP 16 2021 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY ___ CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a guilty plea, of home invasion. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

*Vacated and remanded.*

Nobles & Yanez Law Firm and Dewayne Nobles, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander G. Chen, Chief Deputy District Attorney, Clark County,
for Respondent.

_____

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, SILVER, J.:

Appellant Tyerre White-Hughley was arrested and booked on two separate warrants simultaneously. He subsequently pleaded guilty in both cases. White-Hughley was sentenced in the first case on December 9, 2019, and in the second case on January 7, 2020, by different judges, with

21-26888

each sentence imposed to run concurrently. The first sentencing judge applied credit for White-Hughley's time served to the sentence in the first case, but the second sentencing judge, voicing concerns about double-dipping credit for time served, declined to likewise apply credit for time served to the sentence in the second case.

In this opinion, we reiterate, consistent with NRS 176.055(1), *Poasa v. State*, 135 Nev. 426, 453 P.3d 387 (2019), *Johnson v. State*, 120 Nev. 296, 89 P.3d 669 (2004), and *Kuykendall v. State*, 112 Nev. 1285, 926 P.2d 781 (1996), that a district court "must give a defendant credit for any time the defendant has actually spent in presentence confinement absent an express statutory provision making the defendant ineligible for that credit." *Poasa*, 135 Nev. at 426, 453 P.3d at 388. We clarify that where a defendant simultaneously serves time in presentence confinement for multiple cases and the resulting sentences are imposed concurrently, credit for time served must be applied to each corresponding sentence. Because we conclude that White-Hughley is entitled to have 70 days' credit for time served applied to his sentence in his second case, we vacate the judgment of conviction and remand for the district court to enter a judgment of conviction with the correct amount of presentence credit.

## FACTS AND PROCEDURAL HISTORY

White-Hughley had outstanding warrants for his arrest in two felony cases: a child abuse, neglect, or endangerment and battery case (the child abuse case); and a home invasion case. He was arrested and booked on both warrants on October 1, 2019. White-Hughley entered into a "packaged deal" plea agreement whereby he pleaded guilty in the child abuse case on October 28, 2019, and pleaded guilty in the home invasion case on November 7, 2019. The parties agreed that both sentences were to run concurrently.

On December 9, 2019, Judge Tierra Jones sentenced White-Hughley to 12-36 months with 70 days' credit for time served in the child abuse case. On December 11, 2019, Judge Tierra Jones entered a judgment of conviction in the child abuse case.

On January 7, 2020, Judge David Jones sentenced White-Hughley to 12-30 months in the home invasion case. Judge David Jones ordered the sentence in the home invasion case to run concurrently with the sentence in the child abuse case. White-Hughley requested credit for time served from the date of his arrest, arguing that because the cases were concurrent, he was entitled to credit for time served on the home invasion case as well as the child abuse case. The district attorney opposed, asserting that credit for time served had already been applied in the child abuse case and that numerous unpublished dispositions by this court prohibit applying that credit toward more than one sentence. Judge David Jones agreed "we don't double dip" and declined to apply credit for time served in the home invasion case, noting "that's how I always rule." On January 16, 2020, Judge David Jones entered a judgment of conviction in the home invasion case.

White-Hughley appealed, arguing that Judge David Jones should have at least applied credit for time served from the time of his arrest until the time he was sentenced on the first case—the child abuse case. The court of appeals affirmed. We granted White-Hughley's subsequent petition for review under NRAP 40B, and we now issue this opinion addressing his arguments.

## DISCUSSION

The sole issue before us is whether NRS 176.055 required the district court to give White-Hughley credit for time served in the home invasion case. We review questions of statutory construction de novo.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

*Jackson v. State*, 128 Nev. 598, 603, 291 P.3d 1274, 1277 (2012). While legislative intent controls our interpretation, we will not look beyond a statute's plain language if the statute is clear on its face. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011).

As we held in *Poasa v. State*, a district court "must give a defendant credit for any time the defendant has actually spent in presentence confinement absent an express statutory provision making the defendant ineligible for that credit."[1] 135 Nev. at 426, 453 P.3d at 388. At issue here is the portion of NRS 176.055(1) that provides for the award of presentence credit:

> [W]henever a sentence of imprisonment in the county jail or state prison is imposed, the court may order that credit be allowed against the duration of the sentence . . . *for the amount of time which the defendant has actually spent in confinement before conviction, unless the defendant's confinement was pursuant to a judgment of conviction for another offense.*

(Emphasis added.)

Nothing in this provision expressly makes a defendant ineligible to have credit for presentence confinement applied to multiple concurrent sentences where the defendant was in presentence confinement for those cases simultaneously. Rather, NRS 176.055(1) only precludes this credit if the presentence confinement was served "pursuant to a judgment

---

[1]In *Poasa*, our unanimous court expressly rejected the argument, which the dissent now raises, that NRS 176.055(1) is permissive. 135 Nev. at 427-29, 453 P.3d at 389. We explained that NRS 176.055(1) uses "may," which is permissive, but we held that NRS 176.055(1) mandates courts to award credit for time served in presentence confinement based on the statute's purpose and decades of well-settled Nevada law, the Legislature's approval of that construction, and constitutional and fairness considerations. *Id.*

of conviction for another offense." We consider this language in tandem with NRS 176.335(3), which establishes that a term of imprisonment imposed by a judgment of conviction begins on the date of the sentence. It follows that when a defendant is simultaneously serving time before sentencing in multiple cases, and the sentences are imposed on different dates, the time served is not "pursuant to a judgment of conviction for another offense" until a sentence is actually imposed—because serving a term of imprisonment pursuant to a judgment of conviction begins at sentencing.

This interpretation finds ample support in our jurisprudence. In construing the phrase "time which the defendant has actually spent in confinement before conviction," this court has recognized the statute's purpose "is to ensure that all time served is credited towards a defendant's ultimate sentence." *Pousa*, 135 Nev. at 427-28, 453 P.3d at 389 (quoting NRS 176.055(1) and *Kuykendall*, 112 Nev. at 1287, 926 P.2d at 783). We have therefore previously held that NRS 176.055 requires district courts to award credit for time served in presentence confinement despite the discretionary language used in the statute. *Id.* at 428, 453 P.3d at 389. This construction "comports with notions of fundamental fairness, prevents arbitrary application of the statute, and avoids constitutional concerns with discrimination based on indigent status." *Id.* at 429, 453 P.3d at 389-90.

To be sure, before today, we have not had occasion to consider this statute's application where the defendant was confined simultaneously pursuant to charges in more than one case before sentencing. However, in *Johnson v. State*, we determined that the defendant was entitled under NRS 176.055(1) to have credit for presentence confinement be applied to concurrent sentences imposed for two counts in a single case. 120 Nev. at

299, 89 P.3d at 671. Relying on *Kuykendall*, we concluded that credit for time served "may not be denied to a defendant by applying it to only one of multiple concurrent sentences," as this "would render such an award a nullity or little more than a 'paper' credit." *Id.*

We recognize that *Johnson*, *Poasa*, and *Kuykendall* differ factually from this case. White-Hughley was arrested and confined on two warrants, entered guilty pleas in separate cases, was sentenced to concurrent sentences in each case, and now seeks application of his presentence confinement credit to both concurrent sentences. In contrast, *Johnson* dealt with the application of presentence confinement credit to multiple counts within a single case, and *Poasa* and *Kuykendall* dealt with presentence confinement credit in a single case. Nevertheless, the takeaway from *Poasa*, *Kuykendall*, and *Johnson* is uniform and applicable here: NRS 176.055(1) must be construed in favor of application of presentence credit for time served unless there is an express statutory provision precluding application of such credit.

Here, the district court ordered White-Hughley's sentence on the home invasion case to run concurrent to his earlier sentence on the child abuse case but gave him no credit on the home invasion sentence for the presentence time that he actually served. The court reasoned that White-Hughley had already been given credit for time served on his child abuse case—a sentence White-Hughley began serving nearly a month before he was sentenced on the home invasion case. But because White-Hughley was sentenced to identical minimum sentences, and nearly identical maximum sentences, crediting his time served solely to the earlier-imposed sentence deprives him of the full effect of credit for time he has served prior to his sentencing. Under these facts, the district court's denial of White-Hughley's

SUPREME COURT
OF
NEVADA

(O) 1947A

credit neither comports with NRS 176.055(1)'s plain language nor furthers the statute's purpose of ensuring that credit for time served is reflected in the defendant's ultimate sentence. *Cf. Kuykendall*, 112 Nev. at 1287, 926 P.2d at 783 (explaining the statute's purpose).

Furthermore, White-Hughley's presentence confinement was not "pursuant to a judgment of conviction for another offense" until he was actually sentenced in the first case. White-Hughley was simultaneously booked on two warrants and spent 70 days in presentence confinement awaiting conviction on the home invasion case before being sentenced first on the child abuse case. Although the remaining 29 days between the time he was sentenced on the child abuse case and the time he was sentenced on the home invasion case were days served "pursuant to a judgment of conviction for another offense," the initial 70 days were not.[2] Therefore, because White-Hughley was in presentence confinement for multiple cases at the same time and the resulting sentences were imposed concurrently, he is entitled to receive the 70 days' credit on both of his concurrent sentences.

We have long recognized the obligation of the district court to accurately determine the amount of presentence credits to be applied in a particular case.[3] *Griffin*, 122 Nev. at 745, 137 P.3d at 1170. In doing so,

---

[2]White-Hughley initially argued that he was entitled to 99 days of credit for time served but now concedes that under NRS 176.055 he is not entitled to credit for time served after December 9, 2019, when he was sentenced in the child abuse case. *See* NRS 176.335(3) (recognizing that a term of imprisonment begins on the date of sentencing).

[3]Of course, the parties are similarly obligated to be prepared to discuss the issue of credits at sentencing. *Griffin v. State*, 122 Nev. 737, 745, 137 P.3d 1165, 1170 (2006).

the court should first consider the time spent in actual confinement prior to sentencing, and then consider whether any of that time was spent in confinement pursuant to a judgment of conviction in another case and subtract those days in order to calculate the amount of presentence credit to which the defendant is entitled.[4] Where a defendant is confined simultaneously on multiple cases before sentencing, and the district court runs the sentence in the second case concurrently to that in the first case, a defendant is entitled to credit for time served on each case up to the date of sentencing in the first case.

This is not to say that NRS 176.055 provides a defendant with a tool to hamstring the district court's discretion in determining the length of a term of incarceration so long as the sentence imposed is within the applicable statutory sentencing range. Within these statutory parameters, the district court can give a defendant more time in prison if, in its wide discretion, the court finds that additional prison time is warranted. This can be accomplished by adding more time to the defendant's minimum or maximum sentence. Moreover, the decision regarding whether to impose consecutive or concurrent sentences is committed to the district court's sound discretion. In either situation, the district court can accomplish the same result—namely, a longer term of incarceration—without depriving a defendant of the appropriate credit due.

---

[4]There may be additional exclusions to applying credit, e.g., NRS 176.055(2), that are not applicable here but should be considered in accurately determining the amount of credits.

## CONCLUSION

NRS 176.055(1) requires courts to apply credit for time served in presentence confinement to the defendant's sentence, "unless the defendant's confinement was pursuant to a judgment of conviction for another offense." We conclude that where a defendant simultaneously serves time in presentence confinement for multiple cases and the resulting sentences are imposed concurrently, credit for time served must be applied to each case. This ensures that the defendant actually receives credit for time served in presentence confinement. Therefore, we vacate the judgment of conviction and remand with instructions for the district court to enter a judgment of conviction applying 70 days' credit for time served to White-Hughley's sentence for felony home invasion.

_____, J.
Silver

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

SUPREME COURT
OF
NEVADA


(O) 1947A

HERNDON, J., dissenting:

I disagree with the majority's interpretation of NRS 176.055(1) as applied to the facts of this case, and as I would affirm the district court's judgment of conviction instead, I dissent.

The majority is venturing into the duties and responsibilities of the Legislature and rewriting the statute under the guise of compliance with caselaw. However, this court can apply the statute as written and still respect *stare decisis*. While the majority quotes NRS 176.055(1), it emphasizes the wrong portion of the statute. NRS 176.055(1) provides that "whenever a sentence of imprisonment in the county jail or state prison is imposed, the court *may* order that credit be allowed against the duration of the sentence." (Emphasis added.) "'May,' as it is used in legislative enactments, is often construed as a permissive grant of authority." *Butler v. State*, 120 Nev. 879, 893, 102 P.3d 71, 81 (2004). And, as the majority states, when the statute's plain language is clear on its face, we will not look beyond that. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). In fact, when construing a statute, this court must not read the statute "in a way that would render words or phrases superfluous or make a provision nugatory," and "every word, phrase, and provision of a statute is presumed to have meaning." *Butler*, 120 Nev. at 892-93, 102 P.3d at 81. Thus, this court must construe NRS 176.055(1) such that it does not render the Legislature's use of the term "may" meaningless.

The majority cites to precedent as requiring the district court to provide White-Hughley with the same credit for time served in *two separate* judgments of conviction arising from *two separate* cases; however, the majority fails to acknowledge a critical factor that each of the cited cases has in common and which distinguishes those cases from this matter. All

SUPREME COURT
OF
NEVADA

(0) 1947A

three of the cases cited by the majority concern the application of credit for time served in a situation where the defendant is in pretrial custody on a single case, not in multiple, separate cases. Further, those cases—*Poasa v. State*, 135 Nev. 426, 426-27, 453 P.3d 387, 388 (2019), *Johnson v. State*, 120 Nev. 296, 297-98, 89 P.3d 669, 670 (2004), and *Kuykendall v. State*, 112 Nev. 1285, 1286, 926 P.2d 781, 782 (1996)—are concerned with ensuring a defendant is not deprived of credit for time served, especially when the defendant served time preconviction as a result of indigency. *Poasa*, 135 Nev. at 428, 453 P.3d at 389; *Kuykendall*, 112 Nev. at 1287, 926 P.2d at 783. However, this concern is misplaced here, as White-Hughley, in a separate child abuse case, already received credit for all of the pretrial detention time he served.

In *Kuykendall*, the defendant was in pretrial custody on a single case and pleaded guilty to one felony charge. 112 Nev. at 1286, 926 P.2d at 782. The district court declined to award him any credit for his pretrial detention, and this court appropriately held that it was error for the district court to refuse to grant him credit for time served in pretrial confinement. *Id.* at 1286-87, 926 P.2d at 782-83. In *Johnson*, the defendant was similarly in pretrial custody on a single case and pleaded guilty to three felony charges. 120 Nev. at 297, 89 P.3d at 669. The district court awarded him credit for time served in pretrial detention but only applied it to one of the three charges. *Id.* at 297, 89 P.3d at 669-70. This court held that the district court erred by failing to apply his pretrial credit to all of the charges in the case in which he was sentenced. *Id.* at 299, 89 P.3d at 671. Lastly, in *Poasa*, the defendant had been in pretrial custody on a single case and was being sentenced on one felony charge. 135 Nev. at 426-27, 453 P.3d at 388. The district court declined to award her credit for her pretrial confinement when

it sentenced her to probation. *Id.* at 427, 453 P.3d at 388. Thereafter, this court once again held that the district court erred in not awarding her the credit earned in pretrial detention on her case. *Id.* at 429, 453 P.3d at 390. Despite the permissive nature of NRS 176.055(1), the holdings in *Kuykendall, Johnson,* and *Poasa* appropriately recognized that refusing to award a defendant credit for time served while he or she is in pretrial custody on a single case would fail to give meaning to pretrial confinement and repudiate the punitive nature of such confinement. *See Anglin v. State,* 90 Nev. 287, 290, 525 P.2d 34, 36 (1974).

The same analysis does not apply when a defendant is in pretrial custody on multiple cases. What is required there is only that the defendant receives, in at least one case, full credit for the time spent in pretrial detention. As the Supreme Court of Wyoming recognized in *Hagerman v. State,* "[i]n cases where concurrent sentences have been imposed in a single case, the defendant is entitled to have credit for time served applied equally against both sentences, but this principle does not apply where a defendant is serving concurrent sentences imposed in separate cases." 264 P.3d 18, 21 (Wyo. 2011). In *Hagerman,* the defendant was charged with a second separate crime in a separate case while he was in jail awaiting sentencing in the first case. *Id.* at 20. The Supreme Court of Wyoming concluded that the defendant was not entitled to credit for time served in the second case because he received that credit in the first case and his presentence detention was related to the first case, not the second case. *Id.* at 22. In fact, other jurisdictions have cautioned against awarding double credit for time served when a defendant is in jail on two separate cases, even when those states' statutes *require* credit for time served, compared to Nevada's discretionary statutory language. *See, e.g., State v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Barnes*, 688 N.W.2d 594, 598-600 (Neb. 2004) (explaining that a defendant can receive credit for time served only in one case); *Gust v. State*, 714 N.W.2d 826, 827-28 (N.D. 2006) (holding that granting credit for time served in more than one case would constitute double credit).

Turning back to White-Hughley, he received credit for all of his pretrial confinement when he was sentenced in his separate child abuse case. Thus, there was a recognition of, and application of credit for, the pretrial confinement that he served. The district court in the underlying home invasion case was not required to provide him with identical credit under *Poasa, Johnson*, or *Kuykendall*. To give meaning to the word "may" in NRS 176.055(1) and construe the statute in accordance with the Legislature's purpose as recognized in those cases, this court must conclude that the district court is not mandated to award credit for time served when the defendant already received credit for that time in another case, but rather, the district court has discretion to do so. Such discretion is vital because the district court should not be forced to credit a defendant twice for time served without being able to engage in a case-by-case analysis where the court evaluates the totality of facts and circumstances surrounding an individual's sentencing. A district court has always been accorded wide discretion in imposing a sentence that fits the crime as well as the individual defendant, *see Martinez v. State*, 114 Nev. 735, 737-38, 961 P.2d 143, 145 (1998), and the Legislature included the word "may" in NRS 176.055(1) to ensure that discretion is not impinged.

Thus, deferring to the district court's discretionary decision regarding credit for time served in a second, independent case complies with *stare decisis* and gives meaning to every word in NRS 176.055(1). In contrast, the majority decision today thwarts the district court's sentencing

discretion under NRS 176.055(1), improperly rewriting the statute and overriding the Legislature's authority. Accordingly, because I would affirm the district court's judgment of conviction, I dissent.

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A